UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TRAVIS KINDER | ) | CASE NO. |
| 3634 Alliance Road | ) | |
| Rootstown, OH 44272 | ) | JUDGE |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     vs. | ) | **PLAINTIFF'S COMPLAINT** |
| | ) | |
| MAC MANUFACTURING INC. | ) | (Jury Demand Endorsed Herein) |
| c/o Statutory Agent Krugliak, Wilkins, | ) | |
| Griffiths & Dougherty Co LPA | ) | |
| 4771 Munson St. N.W. | ) | |
| Canton, OH 44718 | ) | |
| | ) | |
|     and | ) | |
| | ) | |
| MAC TRAILER ENTERPRISES, INC. | ) | |
| c/o Statutory Agent Krugliak, Wilkins, | ) | |
| Griffiths & Dougherty Co LPA | ) | |
| 4771 Munson St. N.W. | ) | |
| Canton, OH 44718 | ) | |
| | ) | |
|     Defendants. | ) | |
| | ) | |

Now comes Plaintiff, Travis Kinder, by and through counsel, and for his Complaint

against Defendants MAC Manufacturing Inc. and MAC Trailer Enterprises, Inc. ("MAC"), states

and alleges the following:

## INTRODUCTION

1.    Plaintiff brings this lawsuit as a result of Defendants' failure to pay Plaintiff

for all time worked and overtime compensation at the rate of one and one-half times his regular

rate of pay for all of the hours he worked over 40 each workweek, in violation of the Fair Labor

Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

## JURISDICTION AND VENUE

2.     The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §
1331 and 29 U.S.C. § 216(b).

3.     Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendants maintain a
business located at 1453 Allen Road, Salem, Ohio 44460, and conduct business throughout this
District and Division, and a substantial part of the events and omissions giving rise to the claims
occurred in this District and Division.

## PARTIES

4.     At all times relevant herein, Plaintiff was a resident of Portage County, Ohio.

5.     At all times relevant herein, Plaintiff was an employee within the meaning of 29
U.S.C. § 203(e).

6.     At times relevant herein, Defendants conducted business in Columbia County,
Ohio.

7.     At all times relevant herein, Defendants were employers within the meaning of 29
U.S.C. § 203(d).

8.     At all times relevant herein, Defendants were an enterprise within the meaning of
29 U.S.C. § 203(r).

9.     At all times relevant herein, Defendants were an enterprise engaged in commerce
or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

10.    At all times relevant herein, Defendants were a joint employer and/or single
enterprise within the meaning of 29 U.S.C. §§ 203(r) and 207(b), as they have an interrelation of
operations, common business purpose and activities, common management, common control of
labor relations, and common ownership and financial control.

2

11.     At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 206-207.

## FACTUAL ALLEGATIONS

12.     Defendants are corporations that manufacture trailers for the trucking industry.

13.     Plaintiff was employed by Defendants as a welder between January 30, 2017 and June 26, 2017.

14.     Defendants classified Plaintiff as a non-exempt employee.

15.     Defendants paid Plaintiff on an hourly basis.

**(Failure to Pay for All Hours Worked)**

16.     Plaintiff was only paid for work performed between his scheduled start and stop times, and was not paid for the following work performed before his scheduled start time and after his scheduled stop time: a) changing into and out of personal protective equipment, including but not limited to gloves, a welding jacket, a helmet, boots, safety glasses, and/or flame retardant clothing; b) obtaining and putting away tools necessary to perform his job, including but not limited to hand tools, air tools, drills, grinders, saws, and/or welding wire; c) logging into MAC Trailer's computer systems to obtain his jobs; d) performing production work; e) cleaning up his production area; and f) walking to and from his assigned area of the production floor.

17.     The amount of time Plaintiff spent on his required and unpaid work amounted to approximately 45 to 60 minutes each day.

**(Failure to Pay For Donning Time)**

18.     Before Plaintiff began his shift, he donned gloves, a welding jacket, a helmet, boots, safety glasses, and/or flame-retardant clothing.

19.     The time Plaintiff spent donning his personal protective equipment was in integral and indispensable part of his principal activities, was required by Defendants, the Occupational Safety and Health Administration ("OSHA"), and was performed for Defendants' benefit in that it helped keep the production floor safe and sanitary, and helped promote a more safe and efficient manufacturing process.

20.     Plaintiff was not paid for time spent donning his personal protective equipment.

**(Failure to Pay for Time Spent Retrieving Tools)**

21.     Before Plaintiff began his shift, he retrieved tools necessary to weld, including hand tools, air tools, drills, grinders, saws, and/or welding wire.

22.     The time Plaintiff spent retrieving his tools was an integral and indispensable part of his principal activities, was required by Defendants, and was performed for Defendants' benefit in that it allowed Plaintiff to perform his job.

23.     Plaintiff was not paid for the time spent retrieving his tools.

**(Failure to Pay For Postdonning Walk Time)**

24.     After donning his personal protective equipment and retrieving his tools, Plaintiff walked from the area in which he changed into personal protective equipment to the production floor.  Such time constitutes "postdonning walk time."

25.     Plaintiff was not paid for his postdonning walk time.

**(Failure to Pay for Time spent Logging on to Defendants' Computer System)**

26.     Prior to his shift, Plaintiff logged on to Defendants' computer system to obtain his daily job assignments.

27.     The time Plaintiff spent logging on to Defendants' computer system was an integral and indispensable part of his principal activities, was required by Defendants, and was

4

performed for Defendants' benefit in that it allowed Plaintiff to perform his job.

28.     Plaintiff was not paid for the time spent logging on to Defendants' computer system.

**(Failure to Pay for Performing Production Work)**

29.     At the end of his shift, if the item Plaintiff was welding was not completed, Plaintiff would have to complete his production work before he could leave the production area.

30.     The time Plaintiff spent completing his production work was an integral and indispensable part of his principal activities, was required by Defendants, and was performed for Defendants' benefit.

31.     Plaintiff was not paid for the time spent completing his production work.

**(Failure to Pay for Time Spent Cleaning Production Area)**

32.     At the end of his shift, Plaintiff cleaned his production area.

33.     The time Plaintiff spent cleaning his production area was an integral and indispensable part of his principal activities, was required by Defendants, and performed for Defendants' benefit as helped keep the manufacturing floor safe and helped promote a more safe and efficient manufacturing process.

34.     Plaintiff was not paid for the time spent cleaning the production area.

**(Failure to Pay for Time Spent Putting Away Tools)**

35.     At the end of his shift, Plaintiff put away his tools.

36.     The time Plaintiff spent putting tools away was an integral and indispensable part of his principal activities, was required by Defendants, and performed for Defendants' benefit as helped keep the manufacturing floor safe and helped promote a more safe and efficient manufacturing process.

37.     Plaintiff was not paid for the time he spent putting away his tools.

**(Failure to Pay For Predoffing Walk Time)**

38.     After cleaning his production area and putting away his tools, Plaintiff walked from the production floor to the area in which he changed out of his personal protective equipment. Such time constitutes "predoffing walk time."

39.     Plaintiff was not paid for his predoffing walk time.

**(Failure to Pay for Doffing Time)**

40.     At the end of his shift, Plaintiff doffed his personal protective equipment.

41.     The time Plaintiff spent doffing his personal protective equipment was an integral and indispensable part of his principal activities, was required by Defendants, OSHA, and was performed for Defendants' benefit in that it helped keep the manufacturing floor safe and helped promote a more safe and efficient manufacturing process.

42.     Plaintiff was not paid for time spent doffing his personal protective equipment.

## COUNT ONE
### (Fair Labor Standards Act Violations)

43.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

44.     Defendants' practice and policy of not paying Plaintiff for all time worked and overtime compensation at a rate of one and one-half times his regular rate of pay for all of the hours he worked over 40 each workweek violated the FLSA, 29 U.S.C. §§ 201-219 and 29 CFR § 785.24.

45.     Defendants' failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff violated the FLSA, 29 U.S.C. §§ 201-219, 29 CFR 516.2(a)(7).

6

46.    By engaging in the above-mentioned conduct, Defendants willfully, knowingly and/or recklessly violated the provisions of the FLSA.

47.    As a result of Defendants' practices and policies, Plaintiff has been damaged in that they have not received wages due to them pursuant to the FLSA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court find Defendants jointly and severally liable, and:

A.    Award Plaintiff actual damages for unpaid overtime compensation;

B.    Award Plaintiff liquidated damages equal in amount to the unpaid overtime compensation found due to Plaintiff under the FLSA;

C.    Award Plaintiff pre- and post-judgment interest at the statutory rate;

D.    Award Plaintiff attorneys' fees, costs, and disbursements; and

E.    Award Plaintiff further and additional relief as this Court deems just and proper.

Respectfully submitted,

/s/ Anthony J. Lazzaro
Anthony J. Lazzaro (0077962)
Chastity L. Christy (0076977)
Lori M. Griffin (0085241)
The Lazzaro Law Firm, LLC
920 Rockefeller Building
614 W. Superior Avenue
Cleveland, Ohio 44113
Phone: 216-696-5000
Facsimile: 216-696-7005
lori@lazzarolawfirm.com
chastity@lazzarolawfirm.com
anthony@lazzarolawfirm.com
Attorneys for Plaintiff

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

/s/ Anthony J. Lazzaro
One of the Attorneys for Plaintiff
