UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TRAVIS KINDER<br>3634 Alliance Road<br>Rootstown, OH 44272<br><br>on behalf of himself and all others similarly situated,<br><br>       Plaintiff,<br><br>    vs.<br><br>MAC MANUFACTURING INC.<br>c/o Statutory Agent Krugliak, Wilkins,<br>Griffiths & Dougherty Co LPA<br>4771 Munson St. N.W.<br>Canton, OH 44718<br><br>     and<br><br>MAC TRAILER ENTERPRISES, INC.<br>c/o Statutory Agent Krugliak, Wilkins,<br>Griffiths & Dougherty Co LPA<br>4771 Munson St. N.W.<br>Canton, OH 44718<br><br>       Defendants. | ))))))))))))))))))))))))) | CASE NO. 17-cv-1591<br><br>JUDGE BENITA Y. PEARSON<br><br><br>**PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>(Jury Demand Endorsed Herein) |

Now comes Plaintiff, Travis Kinder, by and through counsel, and for his First Amended Complaint against Defendants MAC Manufacturing Inc. and MAC Trailer Enterprises, Inc. ("MAC"), states and alleges the following:

## INTRODUCTION

1. This is a "collective action" instituted by Plaintiff as a as a result of Defendants' practices and policies of not paying Plaintiff and other similarly-situated employees for all time worked and overtime compensation at the rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 each workweek, in violation of the Fair Labor Standards

Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as a "class action" pursuant to Fed. R. Civ. P. 23 to remedy violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. 4111.03.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. The Court has supplemental jurisdiction over Plaintiffs' OMFWSA claims pursuant to 28 U.S.C. 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendants maintain a business located at 1453 Allen Road, Salem, Ohio 44460, and conduct business throughout this District and Division, and a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

## PARTIES

5. At all times relevant herein, Plaintiff was a resident of Portage County, Ohio.

6. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e) and R.C. § 4111.03(D)(3).

7. At times relevant herein, Defendants conducted business in Columbia County, Ohio.

8. At all times relevant herein, Defendants were employers within the meaning of 29 U.S.C. § 203(d) and R.C. § 4111.03(D)(2).

9. At all times relevant herein, Defendants were an enterprise within the meaning of 29 U.S.C. § 203(r).

10. At all times relevant herein, Defendants were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

11. At all times relevant herein, Defendants were a joint employer and/or single enterprise within the meaning of 29 U.S.C. §§ 203(r) and 207(b), as they have an interrelation of operations, common business purpose and activities, common management, common control of labor relations, and common ownership and financial control.

12. At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 206-207.

13. Written consents to join this action as to Count One, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

14. Defendants are corporations that manufacture trailers for the trucking industry.

15. Plaintiff was employed by Defendants as a welder between January 30, 2017 and June 26, 2017.

16. Other similarly-situated employees were employed by Defendants as welders at Defendants various manufacturing facilities.

17. Defendants classified Plaintiff and other similarly-situated welders as a non-exempt employees.

18. Defendants paid Plaintiff and other similarly-situated welders an hourly wage.

**(Failure to Pay for All Hours Worked)**

19. Plaintiff and other similarly-situated welders were only paid for work performed between their scheduled start and stop times, and were not paid for the following work performed before their scheduled start time and after their scheduled stop time: a) changing into

and out of personal protective equipment, including but not limited to gloves, welding jackets, helmets, boots, safety glasses, and/or flame retardant clothing; b) obtaining and putting away tools necessary to perform their job, including but not limited to hand tools, air tools, drills, grinders, saws, and/or welding wire; c) logging into MAC Trailer's computer systems to obtain his jobs; d) performing production work; e) cleaning up their production area; and f) walking to and from their assigned area of the production floor.

20. The amount of time Plaintiff and other similarly-situated welders spent on this required and unpaid work amounted to approximately 45 to 60 minutes each day.

**(Failure to Pay For Donning Time)**

21. Before Plaintiff and other similarly-situated welders began their shifts, they donned gloves, welding jackets, helmets, boots, safety glasses, and/or flame-retardant clothing.

22. The time Plaintiff and other similarly-situated welders spent donning their personal protective equipment was in integral and indispensable part of their principal activities, was required by Defendants, the Occupational Safety and Health Administration ("OSHA"), and was performed for Defendants' benefit in that it helped keep the production floor safe and sanitary, and helped promote a more safe and efficient manufacturing process.

23. Plaintiff and other similarly-situated welders were not paid for time spent donning their personal protective equipment.

**(Failure to Pay for Time Spent Retrieving Tools)**

24. Before Plaintiff and other similarly-situated welders began their shift, they retrieved tools necessary to weld, including hand tools, air tools, drills, grinders, saws, and/or welding wire.

25. The time Plaintiff and other similarly-situated welders spent retrieving their tools

4

was an integral and indispensable part of their principal activities, was required by Defendants, and was performed for Defendants' benefit in that it allowed Plaintiff and other similarly-situated welders to perform their job.

26. Plaintiff and other similarly-situated welders were not paid for the time spent retrieving their tools.

### (Failure to Pay For Postdonning Walk Time)

27. After donning their personal protective equipment and retrieving their tools, Plaintiff and other similarly-situated welders walked from the area in which they changed into personal protective equipment to the production floor. Such time constitutes "postdonning walk time."

28. Plaintiff and other similarly-situated welders were not paid for their postdonning walk time.

### (Failure to Pay for Time spent Logging on to Defendants' Computer System)

29. Prior to their shifts, Plaintiff and other similarly-situated welders logged on to Defendants' computer system to obtain their daily job assignments.

30. The time Plaintiff and other similarly-situated welders spent logging on to Defendants' computer system was an integral and indispensable part of their principal activities, was required by Defendants, and was performed for Defendants' benefit in that it allowed Plaintiff and other similarly-situated welders to perform their job.

31. Plaintiff and other similarly-situated welders were not paid for the time spent logging on to Defendants' computer system.

### (Failure to Pay for Performing Production Work)

32. At the end of their shift, if the item Plaintiff and other similarly-situated welders

5

were welding was not completed, Plaintiff and other similarly-situated welders would have to complete their production work before they could leave the production area.

33. The time Plaintiff and other similarly-situated welders spent completing their production work was an integral and indispensable part of their principal activities, was required by Defendants, and was performed for Defendants' benefit.

34. Plaintiff and other similarly-situated welders were not paid for the time spent completing their production work.

### (Failure to Pay for Time Spent Cleaning Production Area)

35. At the end of their shifts, Plaintiff and other similarly-situated welders cleaned their production area.

36. The time Plaintiff and other similarly-situated welders spent cleaning their production area was an integral and indispensable part of their principal activities, was required by Defendants, and performed for Defendants' benefit as helped keep the manufacturing floor safe and helped promote a more safe and efficient manufacturing process.

37. Plaintiff and other similarly-situated welders were not paid for the time spent cleaning the production area.

### (Failure to Pay for Time Spent Putting Away Tools)

38. At the end of their shifts, Plaintiff and other similarly-situated welders put away their tools.

39. The time Plaintiff and other similarly-situated welders spent putting tools away was an integral and indispensable part of their principal activities, was required by Defendants, and performed for Defendants' benefit as helped keep the manufacturing floor safe and helped promote a more safe and efficient manufacturing process.

40. Plaintiff and other similarly-situated welders were not paid for the time they spent putting away their tools.

### (Failure to Pay For Predoffing Walk Time)

41. After cleaning their production area and putting away their tools, Plaintiff and other similarly-situated welders walked from the production floor to the area in which they changed out of their personal protective equipment. Such time constitutes "predoffing walk time."

42. Plaintiff and other similarly-situated welders were not paid for their predoffing walk time.

### (Failure to Pay for Doffing Time)

43. At the end of their shifts, Plaintiff and other similarly-situated welders doffed their personal protective equipment.

44. The time Plaintiff and other similarly-situated welders spent doffing their personal protective equipment was an integral and indispensable part of their principal activities, was required by Defendants, OSHA, and was performed for Defendants' benefit in that it helped keep the manufacturing floor safe and helped promote a more safe and efficient manufacturing process.

45. Plaintiff and other similarly-situated welders were not paid for time spent doffing their personal protective equipment.

### COLLECTIVE ACTION ALLEGATIONS

46. Plaintiff brings Count One of this action on his own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendants' unlawful conduct.

47. The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right

7

to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is himself a member, is composed of and defined as follows:

> All former and current welders of Defendants MAC Trailer Enterprises, Inc. and MAC Manufacturing Inc. between July 28, 2014 and the present.

48. Plaintiff is unable to state at this time the exact size of the potential class, but upon information and belief, avers that it consists of at least several hundred persons.

49. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests as well as his own in bringing this action.

50. These similarly-situated employees are known to Defendants and are readily identifiable through Defendants' payroll records. These individuals may readily be notified of this action, and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

51. Plaintiff brings Count Two of this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of himself and all other members of the class ("the Ohio Class") defined as:

> All former and current welders of Defendants MAC Trailer Enterprises, Inc. and MAC Manufacturing Inc. between July 28, 2014 and the present.

52. The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state at this time the exact size of the potential Ohio Class, but upon information and belief, avers that it consists of at least several hundred persons.

53. There are questions of law or fact common to the Ohio Class, including but not limited to the following:

    (a) whether Defendants failed to pay overtime compensation to its welders for hours worked in excess of 40 each workweek; and

    (b) what amount of monetary relief will compensate Plaintiff Travis Kinder and other members of the class for Defendants' violation of R.C. 4111.03 and 4111.10.

53. The claims of the named Plaintiff Travis Kinder are typical of the claims of other members of the Ohio Class. Named Plaintiff's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of the other Ohio Class members.

54. Named Plaintiff Travis Kinder Boring will fairly and adequately protect the interests of the Ohio Class. His interests are not antagonistic to, but rather are in unison with, the interests of the other Ohio Class members. The named Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation, and is fully qualified to prosecute the claims of the Ohio Class in this case.

55. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendants' liability to the Ohio Class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

56. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class members to pursue their claims

9

individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (Fair Labor Standards Act Violations)

54. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

55. Defendants' practice and policy of not paying Plaintiff and other similarly-situated welders for all time worked and overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 each workweek violated the FLSA, 29 U.S.C. §§ 201-219 and 29 CFR § 785.24.

56. Defendants' failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff and other similarly-situated welders violated the FLSA, 29 U.S.C. §§ 201-219, 29 CFR 516.2(a)(7).

57. By engaging in the above-mentioned conduct, Defendants willfully, knowingly and/or recklessly violated the provisions of the FLSA.

58. As a result of Defendants' practices and policies, Plaintiff and other similarly-situated welders have been damaged in that they have not received wages due to them pursuant to the FLSA.

## COUNT TWO
### (Violations of Ohio Revised Code 4111.03)

54. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten

herein.

55. Defendants' practice and policy of not paying Plaintiff and other similarly-situated welders for all time worked and overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 each workweek violated the OMFWSA, R.C. 4111.03.

56. Defendants' failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff and other similarly-situated welders violated the OMFWSA, R.C. 4111.03.

57. By engaging in the above-mentioned conduct, Defendants willfully, knowingly and/or recklessly violated the provisions of the OMFWSA.

58. As a result of Defendants' practices and policies, Plaintiff and other similarly-situated welders operators have been damaged in that they have not received wages due to them pursuant to the OMFWSA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court find Defendants jointly and severally liable, and:

A. Issue an order permitting this litigation to proceed as a collective action and certifying the class pursuant to Fed. R. Civ. R. 23(a) and (b)(3);

B. Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

C. Award Plaintiff and the class he represents actual damages for unpaid wages;

D. Award Plaintiff and the class he represents liquidated damages equal in amount to the unpaid wages found due to Plaintiff and the class;

E. Award Plaintiff and the class he represents pre- and post-judgment interest at the statutory rate;

F. Award Plaintiff and the class he represents attorneys' fees, costs, and disbursements; and

G. Award Plaintiff and the class he represents further and additional relief as this Court deems just and proper.

Respectfully submitted,

/s/ Anthony J. Lazzaro
Anthony J. Lazzaro (0077962)
Chastity L. Christy (0076977)
Lori M. Griffin (0085241)
The Lazzaro Law Firm, LLC
920 Rockefeller Building
614 W. Superior Avenue
Cleveland, Ohio 44113
Phone: 216-696-5000
Facsimile: 216-696-7005
lori@lazzarolawfirm.com
chastity@lazzarolawfirm.com
anthony@lazzarolawfirm.com
Attorneys for Plaintiff

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

/s/ Anthony J. Lazzaro
One of the Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 2, 2017, a copy of the foregoing was filed electronically. Service will be made on MAC Manufacturing Inc. and MAC Trailer Enterprises, Inc. c/o Statutory Agent Krugliak, Wilkins, Griffiths & Dougherty Co LPA, 4771 Munson St. N.W., Canton, OH 44718, by Certified Mail.

                                                                      /s/ Anthony J. Lazzaro
                                                                      Attorney for Plaintiff