## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **TRAVIS KINDER, on behalf of all others similarly situated,**<br><br>      Plaintiff,<br><br>   vs.<br><br>**MAC MANUFACTURING INC., et al.**,<br><br>      Defendants. | **CASE NO. 4:17-cv-01591**<br><br>**JUDGE BENITA Y. PEARSON** |

## DEFENDANT, MAC MANUFACTURING INC., ET AL.'S, MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION, EXPEDITED OPT-IN DISCOVERY, AND COURT-SUPERVISED NOTICE TO POTENTIAL OPT-IN PLAINTIFFS

Defendants, MAC Manufacturing Inc. and MAC Trailer Enterprises, Inc. (collectively "MAC"), by and through the undersigned counsel, file this Memorandum in Opposition to Plaintiff, Travis Kinder's ("Kinder"), Motion for Conditional Certification, Expedited Opt-In Discovery, and Court-Supervised Notice to Potential Opt-In Plaintiffs.  For the reasons that follow, MAC asks the Court to deny Kinder's motion.  In the alternative, if the Court grants Kinder's motion, MAC requests that the Court limit the statute of limitations to two years and make certain changes to the Expedited Opt-In Discovery.

01820129-2 / 09003.44-0003

/s/ Scott M. Zurakowski
Scott M. Zurakowski (0069040),
Karen S. McQueen (0016883),
Marcus L. Wainwright (0078353), of
KRUGLIAK, WILKINS, GRIFFITHS
 & DOUGHERTY CO., L.P.A.
4775 Munson Street, N.W./P.O. Box 36963
Canton, Ohio  44735-6963
Phone:  (330) 497-0700/Fax:  (330) 497-4020
szurakowski@kwgd.com; kmcqueen@kwgd.com;
mwainwright@kwgd.com
ATTORNEYS FOR DEFENDANTS

I.      **INTRODUCTION**

Kinder formerly worked at MAC as a welder from January 30, 2017 through June 26, 2017.  [First Am. Compl., Doc. #3, PageID #3]  Kinder seeks conditional certification of a class consisting of "[a]ll former and current welders of Defendants MAC Trailer Enterprises, Inc. and MAC Manufacturing Inc. between July 28, 2014 and the present."  [*Id*., PageID #29] Kinder's motion should be denied because he fails to establish, by way of affidavit, that other welders were or are similarly situated.

Under the evidence set forth by Kinder in support of his motion and the applicable Fair Labor Standards Act ("FSLA") collective action jurisprudence, no basis exists for the certification of a conditional collective class.  For these reasons, MAC asks the Court to deny Kinder's motion.  However, if the Court grants Kinder's motion, MAC requests that the Court reduce the statute of limitations for the alleged FLSA violation from three years to two years because Kinder failed to make any factual allegations to support his claim that MAC "willfully" violated the FLSA.  MAC also requests certain modifications to Kinder's proposed opt-in discovery.

II.    **STATEMENT OF FACTS**

MAC maintains a business located in Salem, Ohio, that manufactures trailers for the trucking industry.  [*Id*., PageID #23, 24]  Kinder worked as a welder at MAC's business. [*Id*., PageID #24]  Kinder filed his Collective/Class Action Complaint under 29 U.S.C. §§ 201-219 and Civ.R. 29 to allegedly remedy violations of the Ohio Minimum Fair Wage Standards Act under R.C. 4111.03.  [*Id*., PageID #23]  The proposed opt-in class is defined as:  "All former and current welders of Defendants MAC Trailer Enterprises, Inc. and MAC Manufacturing Inc. between July 28, 2014 and the present."  [*Id*., PageID #29]

Kinder alleges MAC does not compensate welders for the following work performed both before and after their scheduled start and stop times:  "a) changing into and out of personal protective equipment, including but not limited to gloves, welding jackets, helmets, boots, safety glasses, and/or flame retardant clothing; b) obtaining and putting away tools necessary to perform their job, including but not limited to hand tools, air tools, drills, grinders, saws, and/or welding wire; c) logging into MAC Trailer's computer systems to obtain * * * jobs; d) performing production work; e) cleaning up their production area; and f) walking to and from their assigned area of the production floor."  [*Id*., PageID #24-25]  Kinder alleges that this time totaled 45 to 60 minutes per day.  [*Id*., PageID #25]

Kinder asks the Court to certify a conditional collective class and give the class notice so potential class members can decide whether to opt-in to this lawsuit.

III.   **LAW AND ARGUMENT**

The touchstone for conditional certification is judicial efficiency.  *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 170, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989).  A court should not rubber-stamp conditional certification but instead, must determine whether a class of "similarly situated" aggrieved employees exist.  *Id.*  Absent a finding that the proposed class is

"similarly situated," "it is doubtful that [FLSA] § 216(b) would further the interests of judicial economy, and it would undoubtedly present a ready opportunity for abuse." *Holt v. Rite Aid Corp.*, 333 F.Supp.2d 1265, 1270 (M.D.Ala.2004).

> A. KINDER HAS THE BURDEN OF MAKING A FACTUAL SHOWING THAT HIS PROPOSED CLASS IS "SIMILARLY SITUATED."

The Sixth Circuit uses "a two-step procedure for determining whether an FLSA case should proceed as a collective action." (Citations omitted.) *Waggoner v. U.S. Bancorp.*, 110 F.Supp.3d 759, 764 (N.D.Ohio 2015). "The first [step] takes place at the beginning of discovery. The second occurs after all of the opt-in forms have been received and discovery has concluded." *Id.*, citing *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir.2006). Plaintiff bears the burden of showing that the employees are "similarly situated" during the first step of the proceedings. *Id.*, citing *Comer* at 546.

The standard at the notice stage is fairly lenient and only requires the plaintiff to "make a modest factual showing" that he is similarly situated to the other employees he is seeking to notify. *Comer* at 546-47. Plaintiff's burden of demonstrating that others are "similarly situated" must be based on some substance and not mere "unsupported assertions." *See Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir.2010). At this preliminary stage, the district court "does not generally consider the merits of the claim, resolve factual disputes, or evaluate credibility." *Waggoner* at 765, citing *Swigart v. Fifth Third Bank*, 276 F.R.D. 210, 214 (S.D.Ohio 2011). "[A]lthough [the] standard is lenient, conclusory allegations are insufficient to support conditional certification." *Arrington v. Mich. Bell Tel. Co.*, E.D.Mich. No. 10-10975, 2011 WL 3319691, at *4 (Aug. 1, 2011).

A plaintiff is "similarly situated" with the proposed collective class "when they together were 'victims of a common policy or plan that violated the law.' " *See Olivo v. GMAC*

*Mortg. Corp.*, 374 F.Supp.2d 545, 548 (E.D.Mich.2004).  "[I]t is clear that plaintiffs are similarly situated when they suffer from a single, FLSA-violating policy, and when proof of that policy or of conduct in conformity with that policy proves a violation as to all the plaintiffs."  *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 585 (6th Cir.2009).  "[P]laintiffs may also 'meet the similarly situated requirement if they can demonstrate, at a minimum, that 'their claims [are] unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct.' "  *Waggoner* at 765, citing *O'Brien* at 585. The factors that guide a court's consideration of conditional certification during the first step of the proceedings include:  "(1) whether potential plaintiffs were identified; (2) whether affidavits of potential plaintiffs were submitted; and (3) whether there is evidence of a 'widespread' discriminatory plan affecting those plaintiffs, which was maintained by defendants."  (Citations omitted.) *Id*.

At the second step of the proceedings, "courts have discretion to make a thorough finding regarding the 'similarly situated' requirement, based upon a more fully developed record."  *Id.*, citing *Comer* at 547.  "[A] court is more inclined to consider '(1) disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendant which appear to be individual to each plaintiff, [and] (3) fairness and procedural consideration * * *' "  *Id.*, citing *White v. MPW Indus. Servs., Inc.*, 236 F.R.D. 363, 367 (E.D.Tenn.2006) (quoting *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1103 (10th Cir.2001)).  After this more rigorous and fact-intensive analysis, if the Court determines the plaintiffs are similarly situated, the district court allows the matter to proceed to trial.  *Id.*, citing *Douglas v. GE Energy Reuter Stokes*, N.D.Ohio No. 1:07CV077, 2007 WL 1341779, at *4

(Apr. 30, 2007).  However, if the plaintiffs are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice.  *Id*.

   B.   KINDER FAILS TO DEMONSTRATE THAT OTHER WELDERS WERE SIMILARLY SITUATED.

Presently, MAC's memorandum in opposition will focus on the factors that guide a court's consideration of conditional certification during the first step of the proceedings. Kinder identifies potential plaintiffs in his First Amended Complaint and defines them as "[a]ll former and current welders * * * between July 28, 2014 and the present."  [First Am. Compl., Doc. #3, PageID #29]  With regard to this statement in the First Amended Complaint, the affidavits submitted by potential plaintiffs are defective in several respects.  First, the affidavits of potential opt-in plaintiffs, Patrick Dean Dillon, James S. Huntsman, Devon McKinney, Richard McKnight, Aaron Roach, and Ellie Young all allege that they were welders at MAC between July 28, 2014, and the present, but they do not allege that they are similarly situated to other "welders," which is the group of persons specifically identified as potential opt-in class members in Kinder's First Amended Complaint.

Instead, each of the six affiants state, in paragraph 6 of their respective affidavits, that, "I observed that MAC Trailer did this to other *employees*, and I believe I am similarly-situated to these *employees*."  Kinder and affiants were or are still welders at MAC.  However, in their affidavits, affiants do not claim that they are similarly situated to other "welders" – only other "employees" generally.  There are a number of other people employed at MAC, not all of whom work as welders.  Affiants' claims that they are similarly situated to other "employees" is significantly different from alleging that they are similarly situated to other "welders."  This is an important distinction because Kinder's First Amended Complaint refers solely to "welders" and his claims are based on facts that are peculiarly unique to MAC welders (*i.e.,* protective gear,

tools, job assignments, work production, cleaning of production area, and walking to and from assigned production area), yet the affiants do not allege that they are similarly situated to other "welders," only other "employees."

Further, it is unknown whether these other "employees" are similarly situated to welders and suffered from the same alleged FLSA-violating policy.  Therefore, the affidavits do not support the conditional certification of an opt-in class since they fail to demonstrate that other welders were similarly-situated to Kinder.  Also, the Declaration submitted by Devon McKinney only indicates that his approximate dates of employment were from "April to January[,]" with no year provided.  This affidavit should not be considered because it is unknown whether affiant even worked at MAC during the time period alleged in Kinder's First Amended Complaint – July 28, 2014, to the present.  For these reasons, Kinder fails to demonstrate that other welders at MAC are similarly situated because the other welders do not allege that they were subjected to the widespread discriminatory plan that affected Kinder. Rather, affiants only allege that they were similarly situated to other "employees" who may or may not have been subjected to the same alleged discriminatory plan.

C.     A TWO-YEAR STATUTE OF LIMITATIONS SHOULD APPLY TO KINDER'S ALLEGED FLSA VIOLATION.

Kinder asks the Court to apply a three-year statute of limitations to MAC's alleged FSLA violation.  [First Am. Compl., Doc. #3, PageID #29]  Generally, FLSA claims are governed by a two-year statute of limitations (*See* 29 U.S.C. § 255(a).)  However, a three-year statute of limitations applies where the violation is "willful."  *Id.*  To establish willfulness, the plaintiff must demonstrate that the employer either knew or showed reckless disregard for whether its conduct violated the FLSA.  *See McLaughlin v. Richland Shoe Co.*, 486 U.S. 128,

133, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988).  Thus, "willfulness," requires an employer to have

acted recklessly, not merely unreasonably.  *McLaughlin*, 486 U.S. at 135 n. 13.

The Sixth Circuit found an employer's violation willful where the employer

" 'had actual notice of the requirements of the FLSA by virtue of earlier violations, his

agreement to pay unpaid overtime wages, and his assurance of future compliance with the

FLSA.' "  *Herma v. Palo Grp. Foster Home, Inc.*, 183 F.3d 468, 474 (6th Cir.1999) (quoting

*Dole v. Elliot Travel & Tours, Inc.*, 942 F.2d 962, 967 (6th Cir.1991)) (citing *Brock v. Superior*

*Care, Inc.*, 840 F.2d 1054, 1062 (2d Cir.1988)).  *See also Ouellette v. Ameridial, Inc.*, N.D.Ohio

No. 5:16-cv-2144 (July 12, 2017), *5, where the Court declined to find that the employer acted

"willfully" stating: "There is also no allegation that defendant has been sued for FLSA violations

previously, which would constitute sufficient notice to establish willfulness."

Here, in his First Amended Complaint, Kinder only alleges that MAC "willfully"

violated the FLSA.  [First Am. Compl., Doc. #3, PageID #31]  Kinder makes no allegation that

MAC has previous FLSA violations.  This mere allegation that MAC acted "willfully," with no

factual basis, is insufficient to warrant application of the three-year statute of limitations because

Kinder reaches a legal conclusion without pleading facts to support it.  As explained in *Stout v.*

*FedEx Ground Package Sys., Inc.*, N.D.Ohio No. 3:14-CV-02169, 2015 WL 7259795 (Nov. 17,

2015), *4–5

> Even if I assume the Plaintiffs plausibly allege FedEx improperly
> classified them as independent contractors instead of employees—
> despite their failure to discuss any of the factors the *Keller* court
> identifies—the Plaintiffs' allegations of willfulness are no more
> than legal conclusions. The Plaintiffs allege only that (1) they were
> employees, (2) FedEx knew the FLSA requires it to determine
> whether the Plaintiffs were employees or independent contractors,
> (3) FedEx classified the Plaintiffs as independent contractors, and
> (4) FedEx did so willfully. The First Amended Complaint does not
> contain any factual allegations about FedEx's mental state which

could support a plausible inference of willfulness. *See Katoula v. Detroit Entm't, LLC*, 557 Fed.Appx. 496, 497-98 (6th Cir. 2014) (affirming district court's dismissal of plaintiff's claim of willful interference with Family and Medical Leave Act rights due to plaintiff's failure to "plead facts about the defendant's mental state, which, accepted as true, make the state-of-mind allegation 'plausible on its face.' ") (quoting *Republic Bank & Trust Co. v. Bear Stearns & Co.*, 683 F.3d 239, 247 (6th Cir. 2012)); *see also Doucette v. DIRECTV, Inc.*, 2015 WL 2373271, at *5 (W.D. Tenn. May 18, 2015) (applying *Katoula* and concluding "detailed allegations about the Defendants' implemented policies[, which were] allegedly intended to evade the FLSA[,] '[do] more than make the conclusory assertion that a defendant acted willfully.' ") (quoting *Katoula*, 557 Fed.Appx. at 498) (alterations added).

Due to this lack of a factual basis to establish willfulness, MAC requests that if a conditional collective class is certified by the Court, that the applicable statute of limitations be limited to two years rather than three.

D.      THE SCOPE OF KINDER'S OPT-IN DISCOVERY IS TOO BROAD.

Kinder requests that MAC produce the following information, for the past three years, for potential class members:  "name, last known home address (including zip code), last known telephone number, last known email address, and employment dates * * * of all current and former welders of Defendants MAC Trailer Enterprises, Inc. and MAC Manufacturing Inc. between July 28, 2014 and the present[.]"  [Motion for Conditional Certification, Doc. #11-1, PageID #106]  With regard to notice, the ultimate goal of the Court is to provide "[a]ccurate and timely notice concerning the pendency of the collective action [which] promotes judicial economy because it * * * allows [putative class members] to pursue their claims in one case where the same issues of law and fact are already being addressed."  *Swigart*, 276 F.R.D. at 214.

However, courts generally approve only a single method for notification unless there is reason to believe that method is ineffective.  *See*, *e.g. Shajanv v. Barolo*, S.D.N.Y. No. 10cv1385, 2010 WL 2218095 (June 2, 2010) (rejecting alternative modes of distribution where

first class mail would reach all potential plaintiffs.)  Importantly, the Court must avoid communicating to absent class members any encouragement to join the suit or any approval of the suit on its merits.  *Sperling*, 493 U.S. at 168, 169, 110 S.Ct. 482.  For these reasons, MAC opposes Kinder's request to produce telephone numbers and email addresses.

### 1.    **Telephone numbers**

Kinder has requested, but not shown a need for potential opt-in plaintiffs' telephone numbers.  In *Lemmon v. Harry & David Operations, Inc.*, S.D.Ohio No. 2:15-cv-779, 2016 WL 234854 (Jan. 20, 2016), the court declined to order disclosure of telephone numbers because this information provides no benefits to the notice process.  *Id.* at *6.  "Such information has no relation to the identification of and/or ability to contact putative class members."  *Id*. Likewise, in *Ouellette*, the Court found plaintiff's initial discovery request too broad and concluded that, at this juncture, defendant did not have to provide telephone numbers.  *Ouellette* at *6.  *See also Carter v. PJS of Marma, Inc.*, N.D.Ohio No. 1:15 CV 1545, 2015 WL 9205083, *3 (Dec. 17, 2015) ("Plaintiffs have not demonstrated any need at this time for access to the home and mobile telephone numbers * * * of potential opt-in plaintiffs.")  For these same reasons, Kinder asks that any discovery of information regarding potential opt-in plaintiffs not include telephone numbers.  As in *Carter*, telephone numbers should be excluded because Kinder has not shown a need for this information.

### 2.    **Email addresses**

Kinder also requests email addresses for potential opt-in plaintiffs in addition to mailing addresses.  In *Fairfax v. Hogan Transp. Equip., Inc.*, S.D.Ohio No. 2:16-cv-680 (Sept. 29, 2017), the Court addressed the issue of dual service methods (*i.e.* ordinary mail and email). The Court acknowledged that it had previously allowed plaintiffs to send notice by ordinary mail and electronic mail in the interest of judicial economy.  *Id*. at *7.  However, the Court declined to

order disclosure of email addresses because "Plaintiff has made no attempt to show that there are any factual circumstances that would render service by ordinary mail only ineffective."  *Id*.  *See also Ouellette* where the Court required that notice be given by ordinary mail, not by email, and therefore, no email addresses would be required.  *Ouellette* at *6.

Regarding the issue of ineffectiveness, the Court in *Ganci v. MBF Inspection Servs., Inc.*, S.D.Ohio No. 2:15-cv-2959, 2016 WL 5104891 (Sept. 20, 2016) noted the general rule that courts generally permit only a single method of notification.  (Citations omitted.)  *Id*. at *3.  However, the *Ganci* Court found good reason to allow ordinary and email notice explaining:

> Here, the declarations submitted by Plaintiff indicate that MBF employees often live away from their normal residences –or, at minimum, they are away from home for extended durations – while they are working for MBF and its customers.  * * * The Court finds good reason that ordinary mail service alone may be an ineffective means to notify all putative plaintiffs.  Therefore, the Court will permit electronic distribution in addition to ordinary mail service.

*Id*.  No such special circumstance exists here and Kinder has submitted no evidence indicating that ordinary mail service would be an inadequate form of notice.

In the alternative, if the Court decides that MAC should provide email addresses of potential opt-in plaintiffs, MAC requests that the provision be limited to employees no longer employed at MAC.  For example, in the Southern District of Ohio, several Courts have found notification by ordinary mail to be sufficient for all *current* employees in FLSA collective actions, but ordered additional email notification for *former* employees in order to better ensure delivery.  *See Swigert*, 276 F.R.D. at 215; *Wolfram v. PHH Corp.*, S.D.Ohio No. 1:12-cv-599, 2012 WL 6676778, *4 (Dec. 21, 2012); *Lutz v. Huntington Bancshares Inc.*, S.D.Ohio No. 2:12-cv-1091, 2013 WL 1703361, *7 (Apr. 19, 2013); *O'Neal v. Emery Fed. Credit Union*, S.D.Ohio No. 1:13-cv-22, 2014 WL 842948, *7 (Mar. 4, 2014).  If the Court finds MAC should disclose

employees' email addresses, it asks that the disclosure be limited to those employees that it no longer employs.

## IV.     **CONCLUSION**

At this stage of the proceedings, Kinder's burden is "fairly lenient," but his pleadings and affidavits submitted in support of his Motion for Conditional Certification, Expedited Opt-In Discovery, and Court-Supervised Notice to Potential Opt-In Plaintiffs cannot satisfy even this minimal standard.  There is no evidence that the persons who submitted affidavits in support of collective class certification consider themselves similarly situated to Kinder or other welders.  Instead, they only consider themselves similarly situated to other "employees."  Further, the statute of limitations should be limited to two years, and not three, because Kinder's First Amended Complaint is lacking of any specific facts that would demonstrate that MAC acted willfully in allegedly violating the FLSA.  Finally, the Expedited Opt-In Discovery should not include phone numbers or email addresses.

/s/ Scott M. Zurakowski
Scott M. Zurakowski (0069040),
Karen S. McQueen (0016883),
Marcus L. Wainwright (0078353), of
KRUGLIAK, WILKINS, GRIFFITHS
 & DOUGHERTY CO., L.P.A.
4775 Munson Street, N.W./P.O. Box 36963
Canton, Ohio  44735-6963
Phone:  (330) 497-0700/Fax:  (330) 497-4020
szurakowski@kwgd.com; kmcqueen@kwgd.com;
mwainwright@kwgd.com
ATTORNEYS FOR DEFENDANTS

01820129-2 / 09003.44-0003                                                                                        12

## CERTIFICATE OF SERVICE

I hereby certify that on October 19, 2017, a copy of the foregoing was filed electronically.   Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*/s/ Scott M. Zurakowski*
Scott M. Zurakowski (0069040), of
KRUGLIAK, WILKINS, GRIFFITHS
 & DOUGHERTY CO., L.P.A.
ATTORNEYS FOR DEFENDANTS