PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TRAVIS L. KINDER, *et al.,* | ) | |
| | ) | CASE NO. 4:17CV1591 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| MAC MANUFACTURING INC. *et al.,* | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendants. | ) | **ORDER** [Resolving ECF No. 11] |

Pending before the Court is Plaintiff Travis L. Kinder's Motion for Conditional

Certification, Expedited Opt-in Discovery, and Court-Supervised Notice to Potential Opt-In

Plaintiffs.  ECF No. 11.  Defendants MAC Manufacturing Inc. and MAC Trailer Enterprises, Inc.

(collectively "Defendants") have filed a response in opposition.  ECF No. 17.  Plaintiff replied.

ECF No. 21-3.  For the reasons stated below, Plaintiff's motion (ECF No. 11) is granted.

**I. Background**

Defendants are corporations that manufacture trailers for the trucking industry.  ECF No.

17 at PageID#:133.  Plaintiff was employed by Defendants as a welder between January 30, 2017

and June 26, 2017.  ECF No. 3 at PageID#: 24.

Plaintiff filed this action, alleging that Defendants failed to compensate him and other

similarly situated employees for all time worked and overtime wages, in violation of the Fair

Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201  219, and the Ohio Minimum Fair Wages

Standard Act, Ohio Rev. Code Ann. § 4111.03.  *Id.* at PageID#: 22  23, ¶¶ 1  2.  Plaintiff

(4:17CV1591)

claims that Defendants required him and other hourly non-exempt employees to perform work before their scheduled start time and after their scheduled stop time, which included the following duties: changing into and out of personal protective equipment, obtaining and putting away tools necessary to perform their job, logging into Defendant MAC Trailer's computer systems to obtain work, performing production work, cleaning up production areas, and walking to and from the assigned area of the production floor.  *Id.* at PageID#: 24  25.  Plaintiff asserts that, because Defendants did not compensate him and other similarly situated employees for the work completed before and after scheduled shifts at a rate of one and one-half times their regular pay, Defendants violated the FLSA.  *Id.* at PageID#: 31.

Plaintiff now moves the Court to authorize him to notify similarly situated employees of this lawsuit pursuant to 29 U.S.C. § 216(b).  ECF No. 11.

## II.  Law & Analysis

### A.  Conditional Class Certification

Under the FLSA, one or more employees may bring an action against an employer "for and in behalf of himself and other employees similarly situated."  *Albright v. Gen. Die Casters, Inc.,* No. 5:10-cv-480, 2010 WL 6121689, at *1 (N.D. Ohio July 14, 2010) (citing 29 U.S.C. § 216(b)) (internal quotations omitted).  "No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."  *Id.*

A plaintiff alleging a FLSA violation on behalf of other employees similarly situated must meet two requirements: (1) the plaintiffs must actually be similarly situated; and (2) all

2

(4:17CV1591)

plaintiffs must signal in writing their affirmative consent to participate in the action.  *Comer v. Wal-Mart Stores, Inc.,* 454 F.3d 544, 545    46 (6th Cir. 2006).  Unlike a Federal Rules of Civil Procedure Rule 23 representative action, in which a putative plaintiff has the opportunity to opt-out of the class, plaintiffs brought into a collective action under the FLSA must affirmatively opt-in to the class.  *Id.*

Courts generally take a two-stage approach to collective actions.  *Id*. at 546.  According to the Sixth Circuit Court of Appeals, "[t]he first takes place at the beginning of discovery[] [and] [t]he second occurs after all the opt-in forms have been received and discovery has concluded."  *Id.* (citing *Goldman v. RadioShack Corp.,* 2003 WL 21250571, at *6 (E.D. Pa. Apr. 17, 2003)). When a plaintiff is seeking conditional certification at the beginning of discovery, which is also known as the notice stage, a plaintiff must make a "modest factual showing" and must show "only that his position is similar, not identical, to the positions held by the putative class members."  *Wal-Mart Stores, Inc.,* 454 F.3d at 546    47.  The modest factual showing must also be sufficient to "demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law."  *Id.* (quoting *Roebuck v. Hudson Valley Farms, Inc.,* 239 F.Supp 2d 234, 238 (N.D.N.Y 2002)).

In the instant case, Plaintiff seeks to certify the following class:

> All former and current welders of Defendants MAC Trailer Enterprises, Inc. and MAC Manufacturing Inc. between July 28, 2014 and the present.

ECF No. 3 at PageID#: 29, ¶ 47.

In doing so, Plaintiff alleges in his First Amended Complaint and declaration that he is similarly situated to the proposed class members.  ECF Nos. 3 at PageID#: 28    29, ¶¶ 46    50; 11-2.

3

(4:17CV1591)

Specifically, Plaintiff asserts that, he and the proposed class members all: (1) were employed by Defendants as welders; (2) performed substantially similar work and had the same or substantially similar job duties or responsibilities; (3) were paid on an hourly basis; (4) were classified by Defendants as non-exempt employees; (5) were paid only between scheduled start or stop times; (6) worked in excess of forty hours in a workweek; and, (7) were not paid overtime at the rate of one and one half times regular rates of pay for all of the hours worked over forty in a workweek. ECF Nos. 3 at PageID#: 24    29; 11-2 at PageID#: 110    11.

Nonetheless, Defendants contend that the proposed class members are not similarly situated to Plaintiff because they do not claim that they are similarly situated to other "welders," but rather to other "employees" generally.  ECF No.17 at PageID#: 136.  The Sixth Circuit, however, has recognized that plaintiffs are similarly situated as long as they can show that "their claims [are] unified by common theories of defendants' statutory violations[.]"  *O'Brien v. Ed Donnelly Enterprises, Inc.,* 575 F.3d 567, 585 (6th Cir. 2009), *abrogated in part on other grounds, Consumer Campbell Ewald Co. v. Gomez,* 136 S.Ct. 663, 193 L.Ed.2d 571, 84 USLW 4051 (2016).

In deciding whether prospective class members are similarly situated, courts may consider whether affidavits of potential plaintiffs have been submitted.  *See Lewis v. Huntington Nat. Bank,* 789 F. Supp. 863, 868 (S.D. Ohio 2011).  At least six individuals, identifying as members of the proposed class, have filed Notices of Consent with the Court intending to "opt in" pursuant to 29 U.S.C. § 216(b), should the class be certified.  ECF No.11-3.  These submissions in conjunction

4

(4:17CV1591)

with the record established so far are sufficient to establish that Plaintiff is similarly situated to the prospective class members he is seeking to notify.[1]

Additionally, Plaintiff and the proposed class members have identified a common theory of Defendants' statutory violations: "Defendants' practice and policy of not paying Plaintiff and other similarly-situated welders for all time worked and overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 each workweek."  ECF No. 3 at PageID#: 31.  In addition, the declarations of the proposed class members state that, they were employed by Defendants as "non-exempt welder[s]," wore "welding jacket[s]," and put away "welding wire," allowing the Court to make the reasonable inference that Plaintiff and the proposed class are similarly situated.  ECF Nos. 11-3; 21-3 at PageID#: 173.  Based on a fair reading of these declarations, therefore, coupled with Plaintiff's allegations in the Complaint, the Court finds that Plaintiff has made the modest factual showing to warrant conditional certification of the proposed class.

---

[1] Defendants assert that: "[T]he Declaration submitted by Devon McKinney only indicates that his approximate dates of employment were from 'April to January[,]' with no year provided," and thus, "[t]his affidavit should not be considered because it is unknown whether the affiant even worked at MAC during the time period alleged in Kinder's First Amended Complaint - July 28, 2014, to the present."  ECF No. 17 at PageID#: 137.  Even if the Court excludes McKinney's declaration, the remaining declarations and pleadings sufficiently establish that Plaintiff has met his burden of showing that he is similarly situated to the class of individuals he seeks to represent.  *See Rembert v. A Plus Home Health Care Agency, LLC*, No. 2:17-cv-287, 2018 WL 2015844, at *2 (S.D. Ohio May 1, 2018) (noting that "[a] court can conditionally certify a collective action under the FLSA on the strength of a single affidavit or declaration if that document sets forth sufficient facts from which the court may reasonably infer the existence of other employees who were subject to the same wage and work hours policy as plaintiff.");  *Douglas v. GE Energy Reuter Stokes,* No. 1:07-cv-077, 2007 WL 1341779, at *6 (N.D. Ohio Apr. 30, 2007) (same).  Therefore, Defendants' argument fails in this regard.

(4:17CV1591)

Accordingly, the Court grants Plaintiff's motion for conditional class certification.

**B.  Opt-In Discovery and Court-Supervised Notice**

Having found that Plaintiff has made the modest factual showing necessary to support conditional class certification, the Court now considers the appropriateness of Plaintiff's opt-in discovery requests.

Plaintiff seeks the names, last known home addresses (including zip code), last known telephone numbers, last known e-mail addresses, and employment dates (in Microsoft Office Excel format) of all current and former welders of Defendants between July 28, 2014 and the present.  ECF No. 11 at PageID#: 104; 11-4.  Defendants argue that, "courts generally only approve a single means of notification unless there is reason to believe that the method is ineffective," and that "courts must avoid communicating to absent class members any encouragement to join the suit or any approval of the suit on its merits."  ECF No. 17 at PageID#: 139   140.  For these reasons, Defendants oppose Plaintiff's request to produce telephone numbers and e-mail addresses.  *Id.*

The FLSA "grant[s] the court the requisite procedural authority to manage the process of joining multiple parties in a manner that is orderly, sensible, and not otherwise contrary to statutory commands or the provisions of the Federal Rules of Civil Procedure."  *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989).  Courts may facilitate notice to putative collective class members "so long as the court avoids communicating to absent class members any encouragement to join the suit or any approval of the suit on its merits."  *Id.* at 168   69.  "Accurate and timely notice concerning the pendency of the collective action promotes judicial

6

(4:17CV1591)

economy because it . . . allows them to pursue their claims in one case where the same issues of

law and fact are already being addressed." *Id.* at 170.

Defendants' contention that Plaintiff has not shown a need for potential opt-in plaintiff's

phone numbers or e-mail addresses is not well-taken. ECF No. 17 at PageID#: 140.  Providing

telephone numbers of potential opt-in plaintiffs has been approved and accepted by district courts.

*See* *McNelley v. ALDI, Inc.*, No. 1:09-cv-1868, 2007 WL 1341779, at *5 (N.D. Ohio Apr. 30,

2007); *Jackson v. Papa John's USA, Inc.*, No. 1:08-cv-2791, 2009 WL 385580, at *5 (N.D. Ohio

Feb. 13, 2009); *Albright*, 2010 WL 6121689, at *4.  In the event the U.S. mail addresses or phone

numbers on file for former or current employees may not be accurate, the Court finds that, using

e-mail will ensure that opt-in plaintiffs are adequately informed.  *See* *Parker v. Breck's Ridge,

LLC,* No. 2:17-cv-633, 2018 WL 551328, at *6 (S.D. Ohio Jan. 24, 2018) ("The use of two

methods will (i) increase the likelihood that all potential opt-in plaintiffs receive notice of the suit

and (ii) likely obviate the need to resend notice if an employee's home address is inaccurate.").

Furthermore, because Plaintiff agrees to limit the use of telephone numbers to when e-mail or

mail notices are "undeliverable," the Court finds that Plaintiff has demonstrated sufficient

methods to ensure that potential class members receive an accurate and timely notice.  ECF No.

21-3 at PageID#: 179.  *See* *Hardesty v. Kroger Co.,* 1:16-cv-298, 2016 WL 3906236, at *3 (S.D.

Ohio July 19, 2016) (finding that social security numbers and telephone numbers shall only be

produced in the event that both mailing and e-mail have not been successful).

Defendants' contention that different means of notification should be used for current and

former employees is unavailing.  ECF No. 17 at PageID#: 141.  District courts have ordered that

7

(4:17CV1591)

notice be sent *via* regular U.S. mail and e-mail to potential opt-in plaintiffs in a FLSA case,

regardless of whether individuals are current or former employees.  *See Petty v. Russell Cellular,*

*Inc.,* No. 2:13-cv-1110, 2014 WL 1308692, at *6 (S.D. Ohio Mar. 28, 2014) (ordering defendant

to produce the names, mailing addresses, e-mail addresses, and dates of employment of both

current and former employees); *Atkinson v. TeleTech Holdings, Inc.,* No. 3:14-cv-253, 2015 WL

853234 (S.D. Ohio Feb. 26, 2015) (same); *Smith v. Generations Healthcare Services LLC,* No.

2:16-cv-807, 2017 WL 2957741 (S.D. Ohio July 11, 2017) (same).

Accordingly, the Court finds that sending notifications *via* regular U.S. mail and e-mail

advances the remedial purpose of the FLSA "because service of the notice by two separate

methods increases the likelihood that all potential opt-in plaintiffs will receive notice of the

lawsuit, and of their opportunity to participate."[2]  *Atkinson*, 2015 WL 853234, at *4.  In sum, the

Court finds that the need to notify opt-in plaintiffs outweighs any privacy concerns associated

with the disclosure of the e-mail addresses or phone numbers, and therefore, grants and adopts

Plaintiff's proposed order regarding the motion for conditional certification, expedited opt-in

discovery, and court-supervised notice to potential opt-in plaintiffs, *see* ECF No. 11-1, in its

entirety.

_____

[2] While not dispositive, sending notifications by e-mail and U.S. mail is also consistent with recent rulings.  *See, e.g., Hall v. U.S. Cargo and Courier Serv.*, LLC, 299 F. Supp. 3d 888, 889   900 (S.D. Ohio Mar. 9, 2018); *Parker v. Breck's Ridge, LLC*, No. 2:17-cv-633, 2018 WL 551328, at *6   7 (S.D. Ohio Jan. 24, 2018); *Wysincavage v. Penn Nat'l Gaming, Inc.*, No. 2:16-cv-1063, 2017 WL 5129003, at *8 (S.D. Ohio Oct. 23, 2017); *Denney v. Lester's, LLC*, 2012 WL 3854466, at *4 (E.D. Mo. Sept. 5, 2012).

8

(4:17CV1591)

### C.  Statute of Limitations

Defendants contend that Plaintiff's "mere allegation that MAC acted 'willfully,' with no factual basis, is insufficient to warrant application of the three-year statute of limitations." ECF No. 17 at PageID#: 138.

Generally, FLSA claims are governed by a two-year statute of limitations.  29 U.S.C. § 255(a).  FLSA claims may be governed by a three-year statute of limitations, however, when an employer's statutory violation is "willful."  *Id.*  "A violation of the FLSA is 'willful' when an employer either 'kn[ows] or show[s] reckless disregard as to whether its conduct was prohibited by the statute.'"  *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 130, 108 S.Ct. 1677, 1681, 100 L.Ed.2d 115 (1988).

The Court finds Defendants' merit-based argument that, Plaintiff's allegations are insufficient to warrant application of the three-year statute of limitations of the FLSA claim, is premature.  ECF No. 17 at PageID#: 138.  Courts generally consider merits of the claim in the second step of the certification process.  *See Stout v. FedEx Ground Package System, Inc.*, No. 3:14-cv-02169, 2015 WL 7259795 (N.D. Ohio Nov. 17, 2015) (deciding the statute of limitations period of a FLSA claim after the defendant filed a 12(b)(6) motion, not on a motion for conditional certification); *Swigart*, 276 F.R.D. at 214 ("At the notice stage, district courts within the Sixth Circuit typically do not consider the merits of the plaintiff's claims, resolve factual disputes, make credibility determinations, or decide substantive issues."); *Smith*, 2017 WL 2957741, at *6 ("Whether Defendants' alleged FLSA violations are "willful" is a question better suited for a later stage of the litigation.").  Because Defendants' statute of limitations argument

9

(4:17CV1591)

requires an evaluation of the merits of Plaintiff's claims, it is inappropriate for resolution at this early stage of litigation.  Therefore, the Court rejects statute of limitations argument, at this time, without prejudice to it being resurrected at a later stage, if necessary.

### III. Conclusion

For the reasons stated above, the Court grants Plaintiff's Motion for Conditional Certification, Expedited Opt-In Discovery, and Court-Supervised Notice to Potential Opt-In Plaintiffs (ECF No. 11), and adopts Plaintiff's proposed order, ECF No. 11-1, herein.

Per the Court's Order, ECF No. 18, a Telephonic Status Conference will be held on **Monday, July 30, 2018 at 12:00 p.m. Noon** to determine the case management schedule.  Lead Counsel must be present unless excused by the Court upon written motion.  Parties' attendance is welcome, but not mandatory.  Counsel for Plaintiffs shall set up the conference call by joining the other participants and calling the Court at (330) 884-7435.


IT IS SO ORDERED.


    July 23, 2018                              /s/ Benita Y. Pearson
Date                                        Benita Y. Pearson
                                            United States District Judge

10